## Gertrude Wimmer, Appellee, v. Chicago Railways Company, Appellant.

## Gen. No. 18,960.

1. CARRIERS, § 480*—*negligence in operation of street car is question of fact.* What constitutes negligence in the operation of a street car is a question of fact, not one of law.

2. CARRIERS, § 491*—*when instruction as to care required in stopping street car for passenger to alight, erroneous.* In an action against a street railway Company to recover for personal injuries resulting from a sudden jar or jerk of the car while plaintiff was upon the rear platform and after she had given a signal to stop at a crossing, an instruction given for plaintiff which in effect told the jury that failure to stop the car by a gradual slowing down of speed or to bring the car to a gradual stop in order to enable it to stop at the next street crossing was negligence, *held* erroneous as declaring it to be the absolute duty of defendant to bring the car to a gradual stop when as a matter of law its duty was to exercise the highest degree of care.

3. CARRIERS, § 484*—*when instruction as to care required in controlling street car erroneous.* In an action for injuries resulting from defendant's negligence in stopping its car for plaintiff to alight, an instruction given for plaintiff which told the jury that it was defendant's duty "to so control and manage the car as not to endanger her safety," *held* erroneous as placing upon the defendant the duty of an insurer.

Appeal from the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in this court at the October term, 1912. Reversed and remanded. Opinion filed March 30, 1914.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

IRA C. WOOD and WILLIAM H. SYMMES, for appellant; JOHN R. GUILLIAMS and FRANK L. KRIETE, of counsel.

MEADS & AYER, for appellee.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

This is an appeal by the defendant street railway Company from a judgment for five thousand dollars recovered by plaintiff Wimmer for personal injuries alleged to have been sustained by reason of the negligence of the defendant. Plaintiff was a passenger in a car of the defendant running west in Twelfth street, and desired to stop at Springfield avenue. She fell from the car when it was about two hundred feet east of Springfield avenue and thereby suffered the injuries for which she sued. Her contention is that she gave a signal for the car to stop at Springfield avenue, passed to the rear platform of the car and stood on it two feet back from the outer edge, holding on to the rail at the rear of the car with her right hand and facing north, and that when the car was about two hundred feet from Springfield avenue there was an "unusual jar or jerk" and she was thrown from the car. This contention is supported only by the testimony of the plaintiff. For the defendant, the motorman, the conductor and a passenger testified that there was no unusual jar or jerk in the movement of the car.

The court gave for the plaintiff the following instructions:

"2. You are instructed, as a matter of law, that when a common carrier is stopping a street car for the purpose of permitting its passengers to alight at a regular or usual stopping place, it is the duty of the party or parties in charge of said car to cause said car to be stopped by a gradual slowing down of speed so far as from all the evidence you find this was necessary. If you believe from the evidence in this case that the defendant was operating this car; and if you

further believe that in response to the plaintiff's request the defendant attempted to stop this car at a usual and customary place for permitting passengers to alight; then and in that case it became the duty of the defendant to bring the car to a gradual stop in order to enable it to stop at the next street crossing. If, in addition to the foregoing, you further believe that the defendant through its employe or employes caused this car to be suddenly stopped or to be suddenly jerked and jolted, and if you believe from the evidence such jar or jerk was the proximate cause of the injury complained of herein, then you may find the defendant did not exercise reasonable care in bringing this car to a stop and was accordingly guilty of negligence.

3. If you believe from the evidence in this case that the plaintiff was obliged to step to the back platform of the defendant's car in order to signal that she wished to alight at the next stopping place; if you further believe that she did so notify the conductor that she wished to so alight; if you further believe that the said conductor thereupon signalled the motorman to stop the car; then and in that case you are instructed that it became and was the duty of the defendant to make such stop and in so doing to so control and manage said car as not to endanger her safety, providing she was using reasonable care on her part."

What constitutes negligence in the operation of a street car is a question of fact, not one of law. The court may properly instruct the jury that the duty the Company owes to a passenger is to exercise the highest degree of care consistent with the mode of conveyance adopted, and the practical operation of the road, but may not tell the jury that it is the duty of the defendant to cause the car to be stopped "by a gradual slowing down of speed" or that upon receiving a signal from a passenger to stop the car "it became the duty of the defendant to bring the car to a gradual stop in order to enable it to stop at the next street crossing," because the effect of such instructions is to tell the jury that a failure to stop the car by a gradual "slowing down of speed" or "to bring the car to a gradual stop in order to enable it to stop at the next street cross-

ing" was negligence. The instruction is also errone-
ous in this, that it declared it to be the absolute duty of
the defendant to bring the car to a gradual stop, when,
as a matter of law, its duty was to exercise the high-
est degree of care in stopping the car.

The third instruction is erroneous for the same rea-
sons that the second instruction is erroneous and for
the further reason that it told the jury that in stopping
the car it was the defendant's duty "to so control and
manage the said car as not to endanger her safety."
The effect of this instruction was to place upon the de-
fendant the duty of an insurer, when, as has been said,
its duty under the law was to exercise the highest de-
gree of care to avoid injuring the plaintiff.

In view of the evidence in this record we think that
in giving said instruction there was, reversible error,
and for that error the judgment is reversed and the
cause remanded.

*Reversed and remanded.*